Citation Nr: 1755092 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 11-31 443 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUES

1. Entitlement to an initial rating in excess of 30 percent for blepharospasm. 

2. Entitlement to an initial rating in excess of 10 percent for spasmodic dysphonia. 

3. Entitlement to an initial rating in excess of 10 percent for spasmodic torticollis of the cervical spine with degenerative arthritis.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


ATTORNEY FOR THE BOARD

J.T.Stallings, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1976 to September 1984 and from August 1999 to September 2010.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah. 

This case was previously before the Board September 2014, when a 100 percent schedular rating for hypothyroidism was granted, effective October 1, 2010 and entitlement to a rating in excess of 30 percent for blepharospasm with spasmodic torticollis and entitlement to a rating in excess of 10 percent for spasmodic dysphonia were remanded for additional development.

Additionally, an August 2015 rating decision granted a separate 10 percent evaluation for spasmodic torticollis of the cervical spine with degenerative arthritis effective October 1, 2010. This disability was previously considered with service-connected blepharospasm and thus is also on appeal.

Most recently, in April 2016 and May 2017, the claims were remanded by the Board for additional development. The development was completed and jurisdiction has now returned to the Board.


FINDINGS OF FACT

1. Throughout the appeal period, the Veteran's service-connected blepharospasm has been manifested by primarily mild and moderate symptomology.

2. The Veteran's spasmodic dysphonia did not manifest with thickening or nodules of cords, polyps, submucous infiltration or pre-malignant changes.

3. Throughout the appeal period, the Veteran's service-connected spasmodic torticollis has been manifested by primarily moderate symptomology.


CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 30 percent for blepharospasm have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.20, 4.27, 4.124a, Diagnostic Code (DC) 8103 (2017).

2. The criteria for an increased disability rating higher than 10 percent for spasmodic dysphonia have not been met. 38 U.S.C. §§ 1113, 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 4.1-4.14, 4.97, 4.124a, Diagnostic Code 6516 (2017).

3. The criteria for a rating in excess of 10 percent for spasmodic torticollis have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.20, 4.27, 4.124a, DC 8103 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duty to Notify and Assist

Neither the Veteran nor the representative has raised any issues with the duty to notify or duty to assist. See Scott v McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to duty to assist argument).

II. Increased Rating

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2017). The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10 (2017). 

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disability. 38 C.F.R. § 4.1, 4.2 (2017); Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). If the disability more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7 (2017). When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3 (2017). 

In Hart v. Mansfield, 21 Vet. App. 505, (2007), the United States Court of Appeals for Veterans Claims (Court) recognized entitlement to staged ratings to claims for increased disability ratings where "the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings."

The RO has evaluated the Veteran's blepharospasm and spasmodic torticollis of the cervical spine under 38 C.F.R. § 4.124a, Code 8103. This diagnostic code indicates that these disabilities are being evaluated, by analogy, to a convulsive tic. See 38 C.F.R. §§ 4.20 and 4.27. Under Code 8103, a convulsive tic warrants a noncompensable rating when mild, a 10 percent rating when moderate and a 30 percent rating when severe. A note to Code 8103 indicates that the rating depends on frequency, severity, and muscle groups involved. 38 C.F.R. § 4.124a, Code 8103.

The words "mild," "moderate" and "severe" as used in the various diagnostic codes are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are "equitable and just." 38 C.F.R. § 4.6. It should also be noted that use of terminology such as "severe" by VA examiners and others, although an element of evidence to be considered by the Board, is not dispositive of an issue. All evidence must be evaluated in arriving at a decision regarding an increased rating. 38 C.F.R. §§ 4.2, 4.6.

The Veteran is also currently rated at 10 percent under DC 6516 for her service-connected spasmodic dysphonia. A 10 percent rating is assigned where there is evidence of hoarseness, with inflammation of cords or mucous membranes. A 30 percent rating is warranted where there is evidence of hoarseness, with thickening or nodules of cords, polyps, sub mucous infiltration, or pre-malignant changes on biopsy. Id.

The Board has reviewed all the evidence in the Veteran's electronic file, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

Collectively, the Veteran's service-connected disabilities are diagnosed as Meige's Syndrome. However, the different disabilities of the conditions have separate ratings under different diagnostic codes. Per the Board's May 2017 remand, a VA opinion was provided as to a description of each of the Veteran's disabilities and the severity level of each.

Following a review of the evidence of record, the Board finds that the preponderance of evidence weighs against an increased rating for any of the Veteran's service-connected disabilities. The reasons for these determinations are explained below.

IIa. Increased Rating-Blepharospasm

The Veteran's blepharospasm is rated by analogy in accordance with the VA rating schedule under Diagnostic Code 8103. 38 C.F.R. § 4.124a. A 30 percent rating is the highest rating available under DC 8103; this rating is assigned for severely convulsive tics. Id.; see also Pierce v. Principi, 18 Vet. App. 440 (2004).

The Veteran's blepharospasm disability does not warrant a higher rating or extraschedular consideration. 

The Veteran's blepharospasm has been rated at a 30 percent disability rating since October 2010. Thus, the Board finds the Veteran has been entitled to the highest rating available for this disability under the VA rating schedule throughout the entire appeal period. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. This rating adequately compensates the Veteran for the impairment due to her disability. 

The Veteran's blepharospasm manifests as forcibly involuntary closure of her eyelids with spasms. The July 2017 medical opinion provided after the Board's remand found the Veteran's symptoms to be moderate in severity based on the frequency, severity and muscle groups that are involved with the Veteran's spasms. According to the examiner the Veteran's current symptomology has actually improved since her last examination that warranted the highest rating under the schedular criteria for severe symptoms at the time. The Veteran has also continuously seen a neurologist for her disabilities, but the method of treatment has not changed throughout the appeals process to indicate more severe or different symptoms. 

An extra-schedular disability rating is warranted if the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that application of the regular schedular standards would be impracticable. 38 C.F.R. § 3.321(b)(1). 

The Board also acknowledges the Veteran's statements that she believes her disability should be rated as more than a "tic". The Board has carefully compared the level of severity and symptomatology of the Veteran's service-connected blepharospasm with the established criteria found in the rating schedule. The discussion above reflects that the symptoms of the Veteran's disability as it is are contemplated by the applicable rating criteria as supported by medical evidence. Therefore, consideration of whether the Veteran's disability picture exhibits other related factors is not required and referral for an extra-schedular rating is unnecessary. Thun v. Peake, 22 Vet. App. 111 (2008).

Based on the evidence, the Veteran's disability does not warrant a higher or extraschedular rating. Therefore, the claim for an increased initial rating must be denied. 

IIb. Increased Rating- Spasmodic Dysphonia

The Veteran service-connected spasmodic dysphonia does not meet the necessary criteria for an initial rating in excess of 10 percent.

As noted above, the Veteran's spasmodic dysphonia is currently rated under DC 6516.The Board notes that in order for the Veteran's symptomatology to warrant a higher rating of 30 percent, there would need to be evidence of hoarseness, with thickening or nodules of cords, polyps, submucous infiltration, or pre-malignant changes on biopsy. According to the July 2017 medical opinion, the Veteran experiences spasms of one or more muscles of the larynx during speech that affects her voice. Her neurologist in January 2012 called it a straining of the voice. In her January 2015 VA exam the Veteran denied laryngitic symptoms and has continuously refused treatment for this disability. The Board also finds the symptoms of the Veteran's disability as it is are contemplated by the applicable rating criteria. The Board finds that throughout the claims file, the Veteran's complaints and symptomology have been consistent and more closely assimilate to the 10 percent rating criteria under DC 6516. Besides hoarseness or nasally speech, which is already compensated by her 10 percent rating, there is little to no evidence within the claims file that the Veteran is experiencing any of the symptomology mentioned above necessary to receive a higher rating under the schedular criteria. Therefore, the Veteran's claim for an initial increased rating must be denied. 

IIc. Increased Rating- Spasmodic Torticollis of the Cervical Spine

As noted above the Veteran's spasmodic torticollis is also rated under DC 8103. The Board notes that in order for the Veteran's symptomatology to warrant a higher rating there would need to be severe symptomology. The evidence within the claims file does not indicate that the Veteran's symptoms have changed or gotten worse to the extent necessary to be considered severe for the higher rating under the schedular criteria. According to the July 2017 medical opinion, the Veteran experiences moderate severity symptomology that is detailed by painful twitching neck muscles that contract involuntarily causing the head to twist or turn to one side particularly her right side. Even the Veteran's neurologist who she sees regularly for her treatments, has described the Veteran's spasmodic torticollis as mild, slight and moderate, but has not described it as severe throughout the years covered within the records of the file. Although this is not binding on the Board, it is probative to the claim as competent evidence of the Veteran's current disability picture. The Veteran and the examiner do note that the Veteran has trouble drinking out of cups due to the disability and must use a straw. The examiner also noted that this disability, along with the others, are not at the severity level to prevent the Veteran from being able to work a sedentary job. Therefore, the Veteran's claim for an initial increased rating must be denied. 

The Board also finds the Veteran's own reports of symptomatology to be credible for all of her disabilities. However, neither the lay nor medical evidence reflects the functional equivalent of expected symptomology to establish entitlement to higher evaluations. See Robinson v. Shinseki, 557 F.3d 1355 (2009).

In summary, higher disability ratings are not warranted with consideration of all the applicable diagnostic codes. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). The disability picture for each condition does not more nearly approximate the criteria for the next higher rating under any applicable Diagnostic Code, as discussed above; therefore, the lower rating must be assigned. See 38 C.F.R. § 4.7. Staged ratings are also not warranted, as the Veteran's service-connected disabilities have remained relatively stable throughout the appeal period. 

Because the preponderance of the evidence is against the claim for an increase rating for any of the claims on appeal, at any time during the pendency of the appeal, the claims for incrased ratings are denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to an initial rating in excess of 30 percent for blepharospasm is denied. 

Entitlement to an initial rating in excess of 10 percent for spasmodic dysphonia is denied. 

Entitlement to an initial rating in excess of 10 percent for spasmodic torticollis of the cervical spine with degenerative arthritis is denied.




____________________________________________
A. P. SIMPSON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs